LINDA BALDWIN JONES, Bar No. 178922
KRISTINA M. ZINNEN, Bar No. 245346
DANIEL S. BROME, Bar No. 278915
WEINBERG, ROGER & ROSENFELD
A Professional Corporation
1001 Marina Village Parkway, Suite 200
Alameda, California 94501
Telephone (510) 337-1001
Fax (510) 337-1023
E-Mail: courtnotices@unioncounsel.net

Attorneys for Plaintiffs

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| THE BOARD OF TRUSTEES, in their capacities as Trustees of the BUTCHER AND PROVISION WORKERS PENSION FUND OF SOUTHERN CALIFORNIA, | No. 13-cv-02123-SVW-MAN |
| | **FIRST AMENDED COMPLAINT FOR WITHDRAWAL LIABILITY** |
| Plaintiffs, | |
| v. | |
| LIDO VEAL & LAMB, INC., a California Corporation, dba EASTERN BEEF & VEAL; SPECIALTY MEATS, INC., a California Corporation, as successor in interest to LIDO VEAL & LAMB, INC., a California Corporation, dba EASTERN BEEF & VEAL; JAFACO HOLDING, INC., a Delaware Corporation; DELIMAX VEAL, INC.; and DOES 1 through 10, | |
| Defendants. | |

Plaintiffs complain of Defendants, and for cause of action, allege:

## JURISDICTION AND INTRADISTRICT ASSIGNMENT

### I.

WEINBERG, ROGER &
ROSENFELD
A Professional Corporation
1001 Marina Village Parkway, Suite 200
Alameda, California 94501
(510) 337-1001

1

COMPLAINT FOR WITHDRAWAL LIABILITY
Case No.

1    This action for withdrawal liability arises under and is brought pursuant to

2    Sections 502, 4221(b), and 4301 of the Employee Retirement Income Security Act

3    of 1974, as amended (ERISA), 29 U.S.C. §§1132, 1401(b), 1451 and Section 301

4    of the Labor Management Relations Act (LMRA), 29 U.S.C. §185.  Pursuant to

5    Sections 502(e)(2) and 4301(d), 29 U.S.C. §§1132(e)(2) and 1451(d), venue

6    properly lies in this District Court because the Pension Fund is administered in the

7    County of Los Angeles.

## PARTIES

### II.

10    Plaintiffs, the Board of Trustees, are Trustees of the Butcher and Provision

11    Workers Pension Fund of Southern California ("Pension Fund").  The Pension

12    Fund is an employee benefit plan created by a written Trust Agreement subject to

13    and pursuant to section 302 of the LMRA, 29 U.S.C. § 186, and a multiemployer

14    employee benefit plan within the meaning of sections 3, 4, and 502 of ERISA, 29

15    U.S.C. §§ 1002, 1003 and 1132.  The Pension Fund is maintained for the purpose of

16    providing retirement and related benefits to plan participants. The Pension Fund is

17    administered by a Board of Trustees, which may bring this action in the name of the

18    Pension Fund pursuant to the express provisions of the Trust Agreement.

### III.

20    Defendant Lido Veal & Lamb, Inc., dba Eastern Beef & Veal, Inc., a

21    California Corporation ("Lido") was an employer within the meaning of ERISA

22    Sections 3(5) and 4001(b)(1) (29 U.S.C. §§ 1002, 1301(b)(1)), and an employer in

23    an industry affecting commerce within the meaning of Section 301 of the LMRA

24    (29 U.S.C. § 185.).

### IV.

26    Defendant Specialty Meats, Inc., a California Corporation, as successor in

27    interest to Lido ("Specialty") was an employer within the meaning of ERISA

28    Sections 3(5) and 4001(b)(1) (29 U.S.C. §§ 1002, 1301(b)(1)), and an employer in

WEINBERG, ROGER &
ROSENFELD
A Professional Corporation
1001 Marina Village Parkway, Suite 200
Alameda, California 94501
(510) 337-1001

2

COMPLAINT FOR WITHDRAWAL LIABILITY
Case No.

1  an industry affecting commerce within the meaning of Section 301 of the LMRA
2  (29 U.S.C. § 185.). Defendant Specialty took over the operations of Lido effective
3  on or about January 5, 2008 and continued Lido's operations as Specialty, as
4  successor in interest to Lido.

5                                    V.

6        On information and belief, Defendant Jafaco Holding, Inc., a Delaware
7  Corporation ("Jafaco") owned 100% of the common stock of Specialty from
8  December 11, 2007, the date Specialty incorporated, until May 31, 2008.

9                                    VI.

10       On information and belief, Jafaco also owned Defendant Delimax Veal, Inc.,
11 a Corporation based in Quebec, Canada, with offices in Wisconsin ("Delimax").

12                                   VII.

13       Pursuant to ERISA Section 4001(b), all trades or businesses under common
14 control are a single employer for purposes of assessing withdrawal liability (29
15 U.S.C. § 1301(b)).

16                                   VIII.

17       Plaintiffs are ignorant of the true names and capacities of Defendants sued
18 herein as Does 1 through 20, inclusive, and therefore sue these defendants by these
19 fictitious names.  Plaintiffs will amend this complaint to allege the Doe Defendants'
20 true names and capacities once ascertained.

21       **ALLEGATIONS APPLICABLE TO ALL CLAIMS FOR RELIEF**
22                                   IX.

23       By signing a Collective Bargaining Agreement, Lido agreed to accept and be
24 bound by all the terms, provisions, and conditions of the Collective Bargaining
25 Agreement.  The Collective Bargaining Agreement obligated Lido to make regular
26 and timely contributions to the Pension Fund on behalf of all those employees
27 performing covered work.  By signing the Collective Bargaining Agreement and
28 making payments to the Pension Fund, Lido agreed to accept and be bound by all

WEINBERG, ROGER &
ROSENFELD
A Professional Corporation
1001 Marina Village Parkway, Suite 200
Alameda, California 94501
(510) 337-1001

COMPLAINT FOR WITHDRAWAL LIABILITY
Case No.

1    the terms, provisions, and conditions of the Trust Agreement establishing the

2    Pension Fund and any amendments thereto.

3                                    X.

4        The Collective Bargaining Agreement and Trust Agreement provide for

5    prompt payment of all employer contributions to the Pension Fund, and for

6    liquidated damages, not as a penalty, but as a reasonable attempt to provide for

7    payments to cover the damages incurred by the Pension Fund, in the event of a

8    breach by the employer, where it would have been impracticable or extremely

9    difficult to ascertain the Pension Fund's losses.

10                                   XI.

11       The Trust Agreement and Collective Bargaining Agreement also provide for

12   the payment of interest, attorneys' fees and all other costs incurred by the Pension

13   Fund in the collection of any delinquent payment.

14                                  XII.

15       ERISA Section 515, 29 U.S.C. § 1145, provides that every employer who is

16   obligated to make contributions to a multiemployer plan under the terms of the plan

17   or under the terms of a collectively bargained agreement shall, to the extent not

18   inconsistent with law, make such contributions in accordance with the terms and

19   conditions of such plan or such agreement.  Under ERISA Section 502(g), 29

20   U.S.C. § 1132(g), if an employer defaults on its required contributions, the court

21   shall award the plan: unpaid contributions; interest on unpaid contributions; an

22   amount equal to the greater of interest on the unpaid contributions or liquidated

23   damages provided for under the plan; reasonable attorneys' fees and costs of the

24   action; and such other legal or equitable relief as the court deems appropriate.

25                                  XIII.

26       ERISA Section 4201, 29 U.S.C. § 1381, provides that the Trustees shall have

27   the authority to assess withdrawal liability against contributing employers who

28   terminate participation in the Pension Fund for any reason.  The withdrawal

WEINBERG, ROGER &
ROSENFELD
A Professional Corporation
1001 Marina Village Parkway, Suite 200
Alameda, California 94501
(510) 337-1001

4

COMPLAINT FOR WITHDRAWAL LIABILITY
Case No.

1    liability shall be determined as set forth in ERISA and the Pension Fund's

2    governing documents and an employer shall be liable for withdrawal liability if it

3    terminates participation in a benefit plan maintained by the Pension Fund.  The

4    withdrawal liability shall be due and payable by the employer upon demand by the

5    Pension Fund.

6                                               **XIV.**

7           On or about January 4, 2008, Defendant Lido entered into a Foreclosure

8    Agreement with Defendants Jafaco, Delimax, and Specialty to settle amounts Lido

9    owed to Jafaco pursuant to a Credit Agreement and Promissory Note dated March

10   16, 2007 and amounts Lido owed to Delimax pursuant to a UCC-1 financing

11   statement filed July 10, 2007.

12                                              **XV.**

13          Pursuant to the Foreclosure Agreement, Lido granted Jafaco a security

14   interest in Lido's personal property collateral pursuant to a UCC-1 financing

15   statement filed March 14, 2007 and Security Agreement dated March 16, 2007. The

16   personal property collateral included, but was not limited to:

> All inventory, equipment, accounts, instruments, chattel
> papers, investment property, letter-of-credit rights, letters
> of credits, other rights to payment, including tax refunds
> and other deposits and refunds, documents, deposit
> accounts, money, patents, patent applications, trademarks,
> trademark applications, copyrights, copyright
> applications, trade names, other names, software, payment
> intangibles, other general tangibles, and all goodwill of
> [Lido], together with the proceeds of all of the foregoing.

23                                             **XVI.**

24          On or around January 5, 2008, Jafaco took control of all of Lido's assets,

25   which Jafaco then assigned to Specialty.

26                                            **XVII.**

27

28

WEINBERG, ROGER &
ROSENFELD
A Professional Corporation
1001 Marina Village Parkway, Suite 200
Alameda, California 94501
(510) 337-1001

COMPLAINT FOR WITHDRAWAL LIABILITY
Case No.

1    Lido ceased contributing to the Pension Fund on or around February 2008
2    based on hours worked in January 2008, thereby triggering Lido's initial
3    withdrawal liability.

**FIRST CLAIM FOR RELIEF**

**[Control Group Liability]**

**XVIII.**

7    Plaintiffs incorporate and reallege by reference all the allegations stated
8    above.

**XIX.**

10   Pursuant to Section 4001(b) of ERISA, 29 U.S.C. § 1301(b), all trades or
11   businesses under common control are a single employer for purposes of Title IV of
12   ERISA, 29 U.S.C. § 4001 et seq., which governs the termination of employee
13   benefit plans.

**XX.**

15   In February 2008, when Lido withdrew from the Pension Fund, Jafaco
16   owned and controlled Lido, Specialty, and Delimax.  Accordingly, these entities
17   constituted a commonly controlled group of trades or businesses and were a single
18   employer pursuant to ERISA Section 4001(b), 29 U.S.C. § 1301(b).  As such,
19   Defendants Jafaco, Lido, Specialty, and Delimax, and each of them, are jointly and
20   severally liable for any obligations to the Pension Fund that Lido has incurred
21   pursuant to Title IV of ERISA, 29 U.S.C. § 1301 *et seq.*

**XXI.**

23   In April 2009, all contributing employers to the Pension Fund withdrew
24   participation from the Pension Fund, thereby effectuating a termination of the
25   Pension Fund by mass withdrawal, in accordance with ERISA Section 4041A, 29
26   U.S.C. § 1341a.  Pursuant to Section 4201 of ERISA, 29 U.S.C. § 1381, Lido was
27   obligated to pay withdrawal liability as determined by the Pension Fund pursuant to
28   the applicable statutory, administrative, and contractual provisions.

WEINBERG, ROGER &
ROSENFELD
A Professional Corporation
1001 Marina Village Parkway, Suite 200
Alameda, California 94501
(510) 337-1001

6

COMPLAINT FOR WITHDRAWAL LIABILITY
Case No.

## XXII.

As a single employer, Lido, Jafaco, Delimax, Specialty, and any other trades or businesses under common control, are jointly and severally liable for Lido's withdrawal liability.

## XXIII.

Pursuant to Sections 4202 and 4219 of ERISA, 29 U.S.C. §§ 1382, 1399, and the applicable regulations, in June 2009, the Pension Fund calculated the amount of Lido's initial withdrawal liability to be $5,856,962.84. Under the payment schedule, Lido was required to make 80 quarterly payments of $24,665.44 commencing August 9, 2009, with a final payment of $24,665.44 due on May 9, 2029. In January 2010, the Pension Fund amended this calculation based on information Lido provided, and determined the amount of Lido's initial withdrawal liability to be $5,776,103.26, payable in 80 quarterly payments of $23,269.28.

## XXIV.

On or about January 22, 2010, the Pension Fund notified Lido that its amended initial withdrawal liability to the Pension Fund was $5,776,103.26, and demanded payment ("Initial Withdrawal Liability Notice"). Notice to Lido constituted notice to all trades or businesses under common control with Lido, including Defendants Jafaco, Specialty, and Delimax. The Initial Withdrawal Liability Notice also informed Defendants of the right to make a lump sum payment of the entire amount or make payments according to a payment schedule set forth in the notice. The Initial Withdrawal Liability Notice informed Defendants that they must make payments to the Pension Fund even if Lido requested a review of the withdrawal liability determination. The Initial Withdrawal Liability Notice informed Defendants of the components of the withdrawal liability and included documentation.

## XXV.

WEINBERG, ROGER &
ROSENFELD
A Professional Corporation
1001 Marina Village Parkway, Suite 200
Alameda, California 94501
(510) 337-1001

7

COMPLAINT FOR WITHDRAWAL LIABILITY
Case No.

1    In December 2009, pursuant to ERISA and the applicable regulations, the
2  Pension Fund calculated Lido's redetermination liability.  The redetermination
3  liability is the sum of Lido's liability for *de minimis* amounts and 20-year limitation
4  amounts that were excluded from the initial withdrawal liability calculation. In
5  January 2010, the Pension Fund amended this calculation based on information
6  Lido provided, and determined the amount of Lido's redetermination liability to be
7  $5,776,103.26, payable in quarterly payments of $23,269.28 until paid in full.

8                                    **XXVI.**

9    On or about January 22, 2010, the Pension Fund notified Lido of its
10  redetermination liability, and demanded payment ("Redetermination Liability
11  Notice").  Notice to Lido constituted notice to all trades or businesses under
12  common control with Lido, including Defendants Jafaco, Specialty, and Delimax.
13  The Redetermination Liability Notice also instructed Defendants to make payments
14  in accordance with the payment schedule.  The Redetermination Liability Notice
15  informed Defendants that they must make payments to the Pension Fund even if
16  they requested a review of the redetermination withdrawal liability.  The
17  Redetermination Liability Notice informed Defendants of the components of the
18  withdrawal liability and included documentation.  The Redetermination Liability
19  Notice confirmed that the quarterly payment schedule remained the same as the
20  quarterly payment schedule set forth in the Initial Withdrawal Liability Notice.
21  Moreover, the letter confirmed that the payments would not be capped at 20 years,
22  and the payments were required until the withdrawal liability was paid in full.

23                                   **XXVII.**

24    In July 2010, pursuant to ERISA and the applicable regulations, the Pension
25  Fund calculated Lido's reallocation liability.  The reallocation liability is equal to
26  the sum of Lido's initial allocable share of the Pension Fund's unfunded vested
27  benefits plus any unassessable amounts determined by the Pension Fund and
28  allocated to Lido, less any applicable amounts under Section 4225 of ERISA, 29

WEINBERG, ROGER &
ROSENFELD
A Professional Corporation
1001 Marina Village Parkway, Suite 200
Alameda, California 94501
(510) 337-1001

8

COMPLAINT FOR WITHDRAWAL LIABILITY
Case No.

1   U.S.C. § 1404.  The Pension Fund calculated Lido's reallocation liability to be

2   $8,962,612.00, and Lido's total withdrawal liability (consisting of initial

3   withdrawal liability, redetermination liability, and reallocation liability) to be

4   $14,738,715.26.

5                               **XXVIII.**

6          On or about July 26, 2010, the Pension Fund notified Lido that its

7   reallocation liability was $8,962,612.00 and its total withdrawal liability was

8   $14,738,715.26, and demanded payment ("Reallocation Liability Notice").  Notice

9   to Lido constituted notice to all trades or businesses under common control with

10   Lido, including Defendants Jafaco, Specialty, and Delimax. The Reallocation

11   Liability Notice also instructed Defendants to make payments in accordance with

12   their payment schedule.  The Reallocation Liability Notice informed Defendants

13   that they must make payments to the Pension Fund even if they requested a review

14   of the reallocation withdrawal liability.  The Reallocation Liability Notice informed

15   Defendants of the components of the reallocation liability and total withdrawal

16   liability, and included supporting documentation.

17                               **XXIX.**

18          Defendants have failed, refused, and neglected to make one or more of the

19   required payments of withdrawal liability to the Pension Fund.

20                               **XXX.**

21          In September 2011, the Pension Fund notified Lido that it failed to submit its

22   quarterly payments in accordance with the schedule the Pension Fund established,

23   and that the total withdrawal liability would be in default if the overdue payments

24   with interest were not received within 60 days.  Notice to Lido constituted notice to

25   all trades or businesses under common control with Lido, including Defendants

26   Jafaco, Specialty, and Delimax.  Defendants failed, refused, and neglected to

27   respond.

28                               **XXXI.**

WEINBERG, ROGER &
ROSENFELD
A Professional Corporation
1001 Marina Village Parkway, Suite 200
Alameda, California 94501
(510) 337-1001

COMPLAINT FOR WITHDRAWAL LIABILITY
Case No.

Pursuant to Sections 515, 4219(c)(5), and 4301(b) of ERISA, 29 U.S.C. §1145, 1399(c)(5), and 1451(b), and the Trust Agreement, Defendants' failure to make a withdrawal liability payment is a default and thus a delinquent contribution.

## XXXII.

Section 4219(c)(5) of ERISA, 29 U.S.C. §1399(c)(5), provides that in the event of a default, the Pension Fund may require immediate payment of the entire amount of outstanding withdrawal liability, plus accrued interest on that total amount of outstanding liability from the due date of the first payment which was not timely made.

## XXXIII.

Defendants and all trades or businesses under common control with Lido have failed, refused and neglected to remit their outstanding withdrawal liability with interest and the total outstanding withdrawal liability is now due and owing. As such, the Pension Fund is forced to bring the present action to collect withdrawal liability plus interest, liquidated damages, attorneys' fees and costs and such other legal or equitable relief as the Court deems appropriate.

## XXXIV.

Defendants failed to request a review or demand or initiate arbitration of the total withdrawal liability determination pursuant to ERISA §4219(b).  Defendants' time limit to request a review or to demand or initiate arbitration has now expired. Defendants have thus waived all defenses to this action and waived their right to dispute the total withdrawal liability determination.

## XXXV.

By reason of the foregoing, Defendants are indebted to the Pension Fund for the total withdrawal liability of $14,738,715.26, together with interest thereon, liquidated damages, attorneys' fees, and other costs in accordance with the Trust Agreement and Sections 4301(b) and 502(g) of ERISA, 29 U.S.C. §§ 1451(b), 1132(g).

WEINBERG, ROGER &
ROSENFELD
A Professional Corporation
1001 Marina Village Parkway, Suite 200
Alameda, California 94501
(510) 337-1001

10

COMPLAINT FOR WITHDRAWAL LIABILITY
Case No.

## SECOND CLAIM FOR RELIEF

### [Successor Liability and Control Group Liability]

### XXXVI.

Plaintiffs incorporate and reallege by reference all the allegations stated above.

### XXXVII.

On or around January 5, 2008, Jafaco took control of all of Lido's assets. By exercising its rights under the Foreclosure Agreement, Jafaco obtained all of Lido's assets and business interests, and gained the right to employ Lido's employees. The Foreclosure Agreement explicitly requires that Lido "insure the orderly transition of the business operation of [Lido] to [Jafaco]," including transitioning customers, vendors, employees, and communications with inspectors from Lido to Jafaco.

### XXXVIII.

On or around January or February 2008, Jafaco assigned these assets and rights to its affiliate, Specialty. As such, Specialty continued, without interruption or substantial change, the business operations of Lido as successor in interest to Lido.

### XXXIX.

On information and belief, Specialty continued Lido's same business operations with substantial continuity, using the same plant, the same or substantially the same workforce, the same jobs under the same working conditions, the same supervisors, the same machinery, equipment and methods of production, and providing the same products.

### XL.

In February 2008, when Lido withdrew from the Pension Fund and continued operations as Specialty, as successor in interest to Lido, Jafaco owned and controlled Specialty, as successor in interest to Lido, and Delimax.  Accordingly, these entities constituted a commonly controlled group of trades or businesses and

WEINBERG, ROGER &
ROSENFELD
A Professional Corporation
1001 Marina Village Parkway, Suite 200
Alameda, California 94501
(510) 337-1001

11

COMPLAINT FOR WITHDRAWAL LIABILITY
Case No.

were a single employer pursuant to ERISA Section 4001(b), 29 U.S.C. § 1301(b).

As such, Defendants Specialty, as successor in interest to Lido, Jafaco, and

Delimax, and each of them, are jointly and severally liable for any obligations to

the Pension Fund that Lido and Specialty, as successor in interest to Lido, have

incurred pursuant to Title IV of ERISA, 29 U.S.C. § 1301 *et seq.*

### XLI.

Specialty, as successor in interest to Lido, was obligated to pay Lido's

withdrawal liability, including initial withdrawal liability, redetermination liability,

and reallocation liability, as determined by the Pension Fund pursuant to the

applicable statutory, administrative, and contractual provisions.

### XLII.

As a single employer, Specialty, as successor in interest to Lido, together

with Jafaco, Delimax, and any other trades or businesses under common control,

are jointly and severally liable for Lido's withdrawal liability. Notice to Lido

constituted notice to Specialty, as successor in interest to Lido, and notice to

Specialty, as successor in interest to Lido, constituted notice to all trades or

businesses under common control with Specialty, including Jafaco and Delimax.

### XLIII.

Specialty, as successor in interest to Lido, together with Jafaco, Delimax, and

any other trades or businesses under common control, has failed, refused, and

neglected to make one or more of the required payments of withdrawal liability to

the Pension Fund.

### XLIV.

Specialty, as successor in interest to Lido, together with Jafaco, Delimax, and

any other trades or businesses under common control, has failed, refused and

neglected to remit their outstanding withdrawal liability with interest and the total

outstanding withdrawal liability is now due and owing.  As such, the Pension Fund

is forced to bring the present action to collect withdrawal liability plus interest,

WEINBERG, ROGER &
ROSENFELD
A Professional Corporation
1001 Marina Village Parkway, Suite 200
Alameda, California 94501
(510) 337-1001

12

COMPLAINT FOR WITHDRAWAL LIABILITY
Case No.

1  liquidated damages, attorneys' fees and costs and such other legal or equitable relief
2  as the Court deems appropriate.

3                                        **XLV.**

4          Specialty, as successor in interest to Lido, together with Jafaco, Delimax, and
5  any other trades or businesses under common control, has failed to request a review
6  or demand or initiate arbitration of the total withdrawal liability determination
7  pursuant to ERISA §4219(b).  Defendants' time limit to request a review or to
8  demand or initiate arbitration has now expired. Defendants have thus waived all
9  defenses to this action and waived their right to dispute the total withdrawal
10 liability determination.

11                                       **XLVI.**

12         By reason of the foregoing, Specialty, as successor in interest to Lido,
13 together with Jafaco, Delimax, and any other trades or businesses under common
14 control, is indebted to the Pension Fund for the total withdrawal liability of
15 $14,738,715.26, together with interest thereon, liquidated damages, attorneys' fees,
16 and other costs in accordance with the Trust Agreement and Sections 4301(b) and
17 502(g) of ERISA, 29 U.S.C. §§ 1451(b), 1132(g).

18                          **THIRD CLAIM FOR RELIEF**

19                     **[Breach of Fiduciary Duty and Fraud]**

20                                       **XLVII.**

21         Plaintiffs incorporate and reallege by reference all the allegations stated
22 above.

23                                      **XLVIII.**

24         On or about March 16, 2007, Jafaco and Lido entered into a Credit
25 Agreement and Promissory Note, as well as a Security Agreement that granted
26 Jafaco a security interest in all of Lido's assets, in exchange for a loan. In entering
27 into this Agreement, on information and belief, both Lido and Jafaco knew or
28 should have known that Lido would not be able to perform its obligations under the

WEINBERG, ROGER &
ROSENFELD
A Professional Corporation
1001 Marina Village Parkway, Suite 200
Alameda, California 94501
(510) 337-1001

13

COMPLAINT FOR WITHDRAWAL LIABILITY
Case No.

1  Security Agreement, but entered into such agreement anyway to attempt to avoid
2  the successor liability of Jafaco and its affiliate, Specialty, and to attempt to
3  undermine the rights of the creditors of Lido.

### XLIX.

5  Jafaco sent Lido its first notice of default on April 12, 2007, just 27 days
6  after the Credit Agreement was signed. When Lido promptly, and unsurprisingly,
7  breached its obligations, Jafaco foreclosed on the Security Agreement, and the
8  parties executed the Foreclosure Agreement on or about January 4, 2008.  By
9  agreeing to this Security Agreement knowing that Lido could not perform, Jafaco
10  and Lido conspired to transfer assets away from Lido and avoid successor liability
11  of Jafaco and its affiliate, Specialty, to shield them from collection, thereby
12  committing a fraud on Lido's creditors, including the Pension Fund.

### L.

14  These actions constitute a breach of fiduciary duty under ERISA Sections
15  404 *et seq.*, and entitle the Trust Funds to recover withdrawal liability from Jafaco,
16  who obtained Lido's assets through such subterfuge.

### PRAYER

18  **WHEREFORE**, Plaintiff Pension Fund prays for judgment against the
19  Defendants as follows:

20  1.    For the sum of $14,738,715.26 as provided in the Trust Agreement and
21  Sections 502(g)(2)(A), 515, and 4201 of ERISA (29 U.S.C. §§ 1132(g)(2)(A),
22  1145, 1381 et seq.);

23  2.    Interest in accordance with the Trust Agreement and Sections
24  502(g)(2)(B), 1399(c)(5) of ERISA (29 U.S.C. §§ 1132(g)(2)(B), 4219 (c )(5));

25  3.    Liquidated damages provided in the Trust Agreement and Sections
26  502(g)(2)(C) and 4301(b) of ERISA (29 U.S.C. §§ 1132(g)(2)(C), 1451(b)) or
27  double interest;

28  4.    Reasonable attorney's fees and costs incurred herein in accordance

WEINBERG, ROGER &
ROSENFELD
A Professional Corporation
1001 Marina Village Parkway, Suite 200
Alameda, California 94501
(510) 337-1001

14

1    with the Trust Agreement and Sections 502(g)(2)(D) and 4301(e) of ERISA (29

2    U.S.C. §§ 1132(g)(2)(D), 1451(e)); and

3         5.      For such other and further legal and equitable relief as this Court

4    deems just and proper.

5

6

7    Dated: June 6, 2013                  WEINBERG, ROGER & ROSENFELD
                                       A Professional Corporation

8

9                         By:                                     
                                  KRISTINA M. ZINNEN

10                                   LINDA BALDWIN JONES

11                                   Attorneys for Plaintiffs

12    121814/695284

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

WEINBERG, ROGER &
ROSENFELD
A Professional Corporation
1001 Marina Village Parkway, Suite 200
Alameda, California 94501
(510) 337-1001

15

COMPLAINT FOR WITHDRAWAL LIABILITY
Case No.